Enrique Bosch, Petitioner, *v.* District Court of Ponce, Respondent.

No. 480. Argued March 16, 1925.—Decided May 26, 1925.

Certiorari—Appeal—Record of Case—Presumption.—It is the duty of the petitioner in certiorari proceedings to incorporate into the record all proceedings in the lower court by means of a transcript of the stenographer's notes, a

statement of the case, or a bill of exceptions; and, as the Supreme Court is not in the position in which the court below was when it made the order appealed from, it is presumed, that the proceedings were correct.

District Court of Ponce, R. Díaz Cintrón, J. Certiorari to review an order annulling a foreclosure sale. *Writ discharged.*

*José Rosario Gelpí* for the petitioner.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Enrique Bosch was the successful bidder at a forced sale of real property in satisfaction of a judgment in foreclosure proceedings. Juan Bonín Fuster, the mortgagee, moved the court in the foreclosure proceedings to annul the sale made by the marshal to Bosch and to order a new sale. The district court granted the motion and for the purpose of reviewing its ruling Bosch brought the present certiorari proceedings.

The writ was issued directing the district court to send up to this court the original record of the principal action, together with the marshal's report of the sale and the reasons for the ruling of the court on the motion to set aside the sale. The record was sent up, but although the court based its said ruling on documentary and oral evidence, neither that evidence nor the motion ruled on is included in the record.

For the purpose of supplying these omissions the petitioner filed a motion accompanied by an affidavit of the marshal and a transcript of the stenographic notes to be attached to the record so as to complete the return. This motion was overruled for the reason that the marshal's affidavit was inadmissible and the stenographic notes were not certified to by the trial judge.

The petitioner now insists that the district court has not complied with the instruction of the writ. However, there is no showing that the proceedings before the said court have been incorporated into the record. If, as alleged, the district court had no jurisdiction over the petitioner and did not grant him time to defend, basing its rul-

ing on documents and evidence examined, it was the duty of the petitioner to incorporate such documents and evidence into the record in one of the two ways authorized by law, *i. e.*, a transcript of the stenographic notes, or a statement of the case or bill of exceptions. Not having done this, the petitioner can not complain, for there were no supplementary papers to be sent up to the Supreme Court, nor was there any basis for requiring the district court to comply with the second order of March 31, 1925. Therefore, as this court is not in the position in which the district court was when it made the order of March 2, 1925, the presumption is that the said proceedings were correct; consequently, the writ must be discharged.